UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-3912-DMG (ASx)** | Date | May 7, 2019 |
| Title | *Juan C. Serrano v. BMW of North America LLC, et al.* | Page | 1 of 2 |

Present: The Honorable **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO LOS ANGELES COUNTY SUPERIOR COURT**

On December 28, 2018, Plaintiff Juan C. Serrano filed a Complaint in Los Angeles County Superior Court against Defendants BMW of North America LLC ("BMW NA") and McKenna Motor Company, Inc., alleging the following state-law causes of action: (1) violation of the Song-Beverly Act—Breach of Express Warranty, (2) violation of the Song-Beverly Act—Breach of Implied Warranty, (3) violation of the Song-Beverly Act—Section 1793.2, and (4) negligent repair. *See* Removal Notice, Ex. A at 11–23 (Complaint) [Doc. # 1-1].[1] On May 3, 2019, Defendant BMW NA removed this action, invoking the Court's diversity jurisdiction under 28 U.S.C. section 1332(a). [Doc. # 1.]

Under 28 U.S.C. section 1441(a), an action may be removed from a state court to a federal district court if the latter would have had "original jurisdiction" over the action had it been filed in that court. Pursuant to 28 U.S.C. section 1332(a), a district court shall have jurisdiction over a civil action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. To establish diversity jurisdiction under 28 U.S.C. section 1332(a), there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008). "[A] party seeking to remove a case to federal court has the burden of proving that all the requirements of removal have been met. That burden goes not only to the issue of federal jurisdiction, but also to questions of compliance with statutes governing the exercise of the right of removal." *See Parker v. Brown*, 570 F. Supp. 640, 642 (S.D. Ohio 1983); *accord Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). As there is a "'strong presumption' against removal jurisdiction[,]" an action should be remanded "if there is any doubt as to the right of removal . . . ." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

Defendant BMW NA asserts that Plaintiff is a citizen of California, BMW NA's sole member is a citizen of Delaware and New Jersey, and non-diverse Defendant McKenna Motor Company, Inc.'s citizenship is immaterial because "BMW NA obtained a copy of the [state] [c]ourt's entry of dismissal of McKenna . . . on May 3, 2019." *See* Removal Notice at ¶¶ 11–12, 14 [Doc. # 1].  Yet, Defendant BMW NA has not submitted a copy of that order to this Court. *See* Removal Notice, Ex. A at 1–30 (this order is not attached to the Removal Notice) [Doc. # 1-1].  Therefore, BMW has failed to demonstrate that complete diversity exists or that it otherwise complied with the removal statute.  *See* 28 U.S.C. § 1446(a) ("A defendant . . . desiring to remove any civil action from a State court shall file in the district court . . . a copy of *all* process, pleadings, and *orders served upon such defendant* . . . in such action." (emphasis added)).

In addition, BMW NA notes that Plaintiff seeks "rescission of the purchase contract and restitution of all monies expended, diminution in value, civil penalties of two times Plaintiff's actual damages and attorney's fees and costs."  *See* Removal Notice at ¶ 9 (citing Removal Notice, Ex. A at 18 (Compl.) [Doc. # 1-1]) [Doc. # 1].  Nonetheless, BMW NA makes virtually no attempt to quantify the recovery sought by Plaintiff.  Consequently, it has also failed to show that the amount-in-controversy requirement has been satisfied.

Defendant BMW NA is hereby **ORDERED TO SHOW CAUSE** why this action should not be remanded to Los Angeles County Superior Court for lack of subject matter jurisdiction and/or improper removal.  Defendant BMW NA shall file a response by no later than **May 14, 2019.  Failure to timely file a satisfactory response by this deadline will result in the remand of this action.**  Plaintiff shall file a reply, if any, by **May 21, 2019.  Each party's brief, exclusive of supporting declarations, shall not exceed 10 pages.**

**IT IS SO ORDERED.**